[751 NYS2d 572]

In the Matter of JEFFREY D. GRANT (Admitted as JEFFREY DAVID GRANT), an Attorney, Resignor.

Second Department, December 16, 2002

## APPEARANCES OF COUNSEL

*Benjamin Brotman & Maltz, P.C.,* New York City (*Richard M. Maltz* of counsel), for resignor.

*Gary L. Casella,* White Plains (*Fredda Fixler-Fuchs* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Jeffrey D. Grant has submitted an affidavit dated September

4, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Grant was admitted to the bar by the Appellate Division of the Supreme Court in the First Judicial Department on June 21, 1982, under the name Jeffrey David Grant.

Mr. Grant avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of submitting this resignation. Mr. Grant is fully aware that he is the subject of a pending investigation by the Grievance Committee into three complaints of professional misconduct. The allegations involve conversion of funds entrusted to him, payment to himself from escrow funds without the client's permission or authorization, conflicts of interest, failing to safeguard the property of a client, failing to promptly pay or deliver funds to a client after demand for the funds was made, unauthorized transfer of funds held in his fiduciary capacity, submitting false testimony and documentation to the Grievance Committee, conduct involving dishonesty, fraud, deceit, or misrepresentation, and conduct prejudicial to the administration of justice.

Mr. Grant acknowledges that based upon the scope of the investigation, it is likely that the Grievance Committee will move for authorization to institute a disciplinary proceeding against him pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii). He acknowledges an inability to successfully defend himself on the merits against charges predicated upon the aforementioned allegations.

Mr. Grant is aware that pursuant to Judiciary Law § 90 (6-a), to the extent that any funds held by him in a fiduciary capacity for any third parties are unaccounted for, the Court, in an order permitting him to resign, could require him to make restitution to any person whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, and, effective immediately, Jeffrey D. Grant is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of Jeffrey D. Grant is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey D. Grant is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jeffrey D. Grant shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey D. Grant is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.